said court." By the 9th section, all acts and parts of acts inconsistent therewith, are repealed. .

By the 48th section of the act of April 14th, 1847, amending the city charter, courts of special sessions in the city of New York, *may* be held by any *two* police justices of said city, and it is thereby declared that when so held, all the powers and jurisdiction appertaining by law to such court, shall be possessed and exercised by the officer holding the same.

The question is, was the provision in the act of 1847, repealed by the act of 1858 ?

It is almost too plain for argument that the word *may* in both statutes means shall. It is hardly necessary to resort to the general provisions of the Revised Statutes, (*vol.* 3, *5th ed.*, 869, § 29,) to show this. Statutes conferring criminal jurisdiction should be construed strictly. Not less than three justices can hold the court, under the act of 1858. It would certainly be extraordinary if we had two statutes on our statute books in force, the one authorizing courts of special sessions in the city of New York to be held by two and the other by three police justices.

I think the provision in the act of 1847, plainly inconsistent with the act of 1858, and was intended to be, and was repealed by it; and, therefore, the prisoner must be discharged.

----

## SUPREME COURT.

### THE PEOPLE agt. MORRIS HARRIS.

The *certificate* of the clerk of the court of special sessions in the city of New York, is insufficient evidence to show what a witness testified to before said court.

*New York Special Term, August,* 1860.

Mr. W. F. HOWE applied for an order that this prisoner (who was committed to Blackwell's Island as a pickpocket

by the court of special sessions on the 14th) should be discharged on bail to await the decision of the appellate court. The prisoner was arrested by detective Farley, who, before the court of special sessions, testified that he saw prisoner and another well-known pickpocket, in a crowd at a fire, attempting to pick an old gentleman's pocket by pushing and jostling him, and trying to get their hands into his pocket. The officer arrested prisoners, and on giving the above testimony, the justices sent the prisoners to the Island for three months each. Mr. HOWE, at the time of the conviction, objected to the justices's jurisdiction, upon the grounds that the officer did not prove that they attempted to " steal as pickpockets," which the statute (*Laws of* 1850, *ch*. 508) requires, and stated that he should appeal in the case.

. Counsel now applies for a *certiorari* to bring up the conviction and evidence, and for prisoner's discharge under the statute upon the allowance of such writ.

Mr. SEDGWICK opposed the application, and argued at great length that it should not be granted, and produced the certificate of Mr. Johnson, the clerk of the court of sessions, showing that the detective testified that he saw prisoner actually attempting and trying to get his hands in the pockets of an old gentleman at the fire.

Mr. HOWE objected to the certificate as not being evidence, the only evidence which could be received would be the minutes taken by the court itself.

Judge SUTHERLAND said this was the first case under the new act, and was a very important one. He did not consider the certificate evidence, and should therefore allow the writ, and order prisoner's discharge.

The prisoner was discharged.